UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ERNEST FLEMING                  *         CIVIL ACTION

VERSUS                          *         NO: 05-2876

UNITED STATES PARCEL SERVICE    *         SECTION: "D"(3)
INC., ET AL

                          **ORDER AND REASONS**

    Before the court is the **"Motion for Summary Judgment"** filed by Defendant, United Parcel Service, Inc. (UPS).  Plaintiff, Ernest Fleming, filed a memorandum in opposition.  The motion, set for hearing on Wednesday, November 22, 2006, is before the court on briefs, without oral argument.  Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

                          **I.  Background**

    Plaintiff initially filed this suit in state court claiming that he began his employment with Defendant UPS on or about August 2, 1978 as a package car driver, and worked as Supervisor of Feeder Operations for UPS without incident until his date of termination on or about June 23, 2004.  (Petition at ¶¶ II & III).  Plaintiff

further alleges that:

> [He] was terminated by Defendant on or about June 23, 2004 for allegedly not performing his duties and Petitioner was accused of not reporting to work. Petitioner could not return to work or successfully complete his employment duties. Petitioner was on short term disability and could not return to work pursuant to the medical recommendations of Dr. Henry Evans his primary care physician and Dr. Yvonne Hardaway Osborne a Clinical and Forensic Psychologist.

(Petition at ¶ III).

Plaintiff claims that he could not work because he suffered stress and depression after learning on or about June 20, 2003, that he was being transferred to work under supervisor, Paul Nobles. According to Plaintiff, Paul Nobles had previously been investigated by UPS for complaints of "unethical and unfair treatment" made by another UPS employee, Gretchen Groom. (Petition at ¶ IV). And Plaintiff allegedly agreed to participate in this investigation after being assured that any statement made by him would be in confidence and he would never have to work under Nobles' supervision. (*Id.* at ¶¶ IV & V). Plaintiff alleges that UPS terminated Nobles in November, 2000, but re-hired him in January 2001, as a supervisor. (*Id.* at V).

Apparently, Plaintiff last worked for UPS on or about June 21, 2003, but he could not finish his shift that day because after discovering he would be under Nobles' supervision, Plaintiff became

"extremely distressed." (*Id*. at VII). Thereafter, Plaintiff claims his condition worsened and he "was dismissed because of his illness which was directly attributed to his work environment." (*Id*. at VIII). Plaintiff also claims that after UPS re-hired Nobles, "he continued to harass and intimidate [Plaintiff] which created a hostile work environment." (*Id*. at IX).

UPS removed the matter to this court under both diversity jurisdiction and federal question jurisdiction (i.e., ERISA preemption). And while Plaintiff's Petition is not a mark of clarity when it comes to discerning exactly what causes of action Plaintiff is asserting against UPS, UPS asserts in its Motion for Summary Judgment that Plaintiff is alleging two claims: (1) wrongful termination; and (2) violation of ERISA rights for discharging him and/or failing to honor his disability claims. (UPS' Memorandum, p. 1).

UPS further notes that:

> In a recent deposition, Mr. Fleming for the first time in this litigation raised **issues of race, age, and disability discrimination**. Following conference of counsel, the deposition was continued due to lack of production of documents-production delayed since long before Hurricane Katrina. While counsel discussed the possibility of the addition of such claims through amended pleadings, the sole claims pled to date must nonetheless be dismissed. In this regard, UPS moves for dismissal of the claims referenced in the Petition to date. In this regard, it

> is worth noting that the scheduling order deadline for amendment of pleadings has passed.[1]

(*Id*. at n. 1)(emphasis and footnote added).

## II.  Legal Analysis

To the extent that Plaintiff is alleging wrongful termination because he went on medical leave rather than accept a transfer to a position in which he would have been supervised by Paul Nobles, the court finds that there is no genuine issue of material fact and UPS is entitled to summary judgment dismissal of such a claim. Under Louisiana law, an employee may be terminated at will, unless he has an employment contract covering a certain time period, has a contract guaranteeing discharge for only cause, or is otherwise statutorily or constitutionally protected from termination. *Dunbar v. Williams*, 554 So. 2d 56 (La. App. 4th Cir. 1988).

Here, Plaintiff does not allege that he had any written or verbal contract for a fixed term or one permitting discharge for only cause.  Further, while Plaintiff uses the terms "harass" and "hostile work environment" in his Petition, Plaintiff fails to make any claim tied to a protected class under Title VII (such as, race, sex, national origin or religion).

---

[1] According to the court's Scheduling Order, amendments to pleadings were to be filed no later than June 5, 2006.  (*See* Doc. No. 13).

4

In his *opposition memorandum*, Plaintiff submits that:

> Plaintiff, Ernest Fleming, an **African - American** has filed a complaint against Defendant, United Parcel Service, Inc. for **retaliation under Title VII** of the Civil Rights Act, **disparate treatment under Title VII**, **hostile work environment under Title VII** and for violation of **ERISA rights for discharging him while disable[d] and failing to honor disability claims**.

(Plaintiff's Opp. Memo., p. 1)(emphasis added).

However, the court finds that Plaintiff has failed to allege *in his Petition* Title VII claims for retaliation, disparate treatment and hostile work environment. Indeed, Plaintiff does not even allege in his Petition that he is African-American. *And an opposition memorandum cannot serve as an Amended Petition.*[2]

The court also finds that Plaintiff has failed to allege in his *Petition* a claim "for violation of ERISA rights for discharging him while disable[d] and failing to honor disability claims." However, even if the court construed Plaintiff's allegation to find that he has made a claim (in his Petition) that he was wrongfully terminated because he went on leave with **short term disability benefits**, such a claim must be dismissed because there is no genuine issue of material fact that: (1) he received 12 months of short term disability benefits pursuant to UPS' Short Term

---

[2]  *See* fn. 1, *supra.*

Disability Plan; and (2) he was administratively terminated, pursuant to UPS' policy, when he failed to return to work after a year of leave.  (*See* UPS' Exhibits 1 & 2, Blood Declaration & Excerpts from UPS' Plan).

In his opposition memorandum, Plaintiff submits that on September 29, 2004, he was denied **Long Term Disability Benefits**, and he has exhausted his administrative remedies regarding the denial of Long Term Disability Benefits.  (Plaintiff's Opp. Memo., pp. 3-4 and Exs. C & D).  However, again, Plaintiff makes no ERISA claim in his *Petition* regarding **Long Term Disability Benefits**, and *his opposition memorandum cannot serve as an Amended Petition.*[3]

Accordingly;

**IT IS ORDERED** that the **"Motion for Summary Judgment"** filed by Defendant, United Parcel Service, Inc., be and is hereby **GRANTED**, dismissing Plaintiff's claims to the extent that Plaintiff has made (1) a claim for at-will wrongful termination and (2) an ERISA-claim or disability discrimination claim related to **short term disability benefits.**

However, the court will not grant Judgment in Defendant's favor at this juncture, because the court will allow Plaintiff to

---

[3] Plaintiff also does not address Defendant's argument that Plaintiff's ERISA claims must be brought against the applicable Plan, and UPS is not the proper party.  (Defendant's Memo., p. 2).

**AMEND** his Petition,[4] to properly allege, with specificity, discrimination and/or disability claims, if counsel for Plaintiff can do so within the parameters of **Rule 11**.[5] Further,

> **Plaintiff must plead the jurisdictional basis of any claim, and he must state that he has exhausted his administrative remedies if required (i.e., if Plaintiff makes a claim under Title VII or ERISA).**
>
> **If Plaintiff is making a claim under ERISA, he must**

---

[4] On November 30, 2006, Plaintiff filed a "Motion for Leave" to file a First Amended and Supplemental Complaint. But the court denied that motion, finding that Plaintiff's proposed First Amended and Supplemental Complaint was deficient.

[5] When making representations to the court, counsel must abide by the requirements set forth in Federal Rule of Civil Procedure 11, which provides in pertinent part:

> **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, an belief, formed after an inquiry reasonable under the circumstances,-
>
>> (1)  it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>>
>> (2)  the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>>
>> (3)  the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonable based on a lack of information or belief.

Fed. R. Civ. Proc. 11(b).

>    **specifically state so.**
>
>    **If Plaintiff is making a claim under state law, he must specify the state law.**

*Plaintiff must file his Motion for Leave to Amend (with this court and not the Magistrate Judge) by <u>Monday, December 18, 2006</u>.*

If Plaintiff elects to file an Amended Complaint, Defendant may elect to file a Motion for Summary Judgment seeking dismissal of any new claims asserted by Plaintiff, if such a motion can be properly supported with competent summary judgment evidence to demonstrate the absence of a genuine issue of material fact.  If and when Plaintiff must respond to such a Motion for Summary Judgment, he must go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.  Plaintiff's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence.

Finally, the court **CONTINUES** the **Pre-Trial Conference,** presently set on December 13, 2006, and the **Trial**, presently set for the week of January 16, 2007.  If Plaintiff timely files his Motion for Leave to Amend, with an attached Amended Complaint, **<u>by Monday, December 18, 2006</u>**, the court will **RE-SET** the **Pre-Conference and Trial**.

New Orleans, Louisiana, this **1st** day of **December, 2006.**

```
                        _____
                                A.J. MCNAMARA
                         UNITED STATES DISTRICT JUDGE
```